**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- X
In re:                                                                     :   Chapter 11
                                                                                 :
EOS AIRLINES, INC.                                                 :   Case No. 08-22581 (RDD)
                                                                                 :
           Reorganized Debtor.                         :
---------------------------------------------------------- X
TURNAROUND ADVISORS, LLC, AS                       :
LIQUIDATING TRUSTEE OF THE
EOS AIRLINES LIQUIDATING TRUST            :
                                                                                 :   Adv. Pro. No.: 10-_____
           Plaintiff,                                            :
                                                                                 :
           -against-                                         :
                                                                                 :
JEPPESEN SANDERSON,                                        :
                                                                                 :
           Defendant.                                        :
---------------------------------------------------------- X

**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL AND/OR
FRAUDULENT TRANSFERS AND FOR TURNOVER**

Plaintiff, Turnaround Advisors L.L.C., as the Liquidating Trustee (the "Liquidating Trustee" or "Plaintiff") of the EOS Airlines Inc., Liquidating Trust (the "Liquidating Trust"), by its counsel, Neiger LLP, hereby files this Complaint to Avoid and Recover Preferential and/or Fraudulent Transfers and For Turnover and, in support thereof, states:

**NATURE OF THE ACTION**

1. This is an adversary proceeding brought in the above-captioned bankruptcy case pursuant to Part VII of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") seeking (a) to avoid certain preferential and/or fraudulent transfers made by EOS Airlines, Inc. (the "Debtor") to the above-captioned defendant

-1-

("Defendant") and to recover the value thereof, pursuant to (i) sections 544, 547, 548, 550 and 551 of the United States Bankruptcy Code, 11 U.S.C. §§ 100 et. seq. (the "Bankruptcy Code:") and (ii) Sections 273, 274 and 275 of the New York State Debtor and Creditor Law, (b) turnover of monies held, or receivables due and owing to the Debtor by Defendant (the "Collectibles") pursuant to section 542 of the United States Bankruptcy Code, and (c) to disallow any claims of Defendant against the Debtor or its estate pursuant to Section 502 (d) of the Bankruptcy Code.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157(a) and 1334(b) and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.).

3. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (F) and (H).

4. Venue of this adversary proceeding is proper in this district pursuant to 28 U.S.C. § 1409(a).

## PARTIES

5. On April 26, 2008 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code commencing the above-captioned Chapter 11 case (the "Chapter 11 Case").

6. On January 28, 2009, this Court entered that certain *Order Confirming Joint Plan of Liquidation of EOS Airlines, Inc. Pursuant to Chapter 11 of the Bankruptcy Code* Dated December 18, 2008, (Docket No. 424, the "Confirmation Order"). Pursuant

to the Confirmation Order and the *Joint Plan of Liquidation of EOS Airlines, Inc. Under Chapter 11 of the United States Bankruptcy Code* (Docket No. 384, the "Plan"), which became effective on February 18, 2009 (Docket No. 432), among other things, the Trustee was appointed as the Liquidating Trustee and the representative and agent of the Debtor's estate to preserve, compromise or abandon any Causes of Action (as defined in the Plan), and all Estate Property (as defined in the Plan) was transferred to the Liquidating Trust.

7. The Confirmation Order and the Plan authorizes the Liquidating Trustee commence this adversary proceeding.

## THE AMOUNTS DUE THE DEBTOR

8. On or within 90 days prior to the Petition Date (the "Preference Period"), the Debtor made one or more transfers to or for the benefit of Defendant, as set forth on Exhibit "A" annexed hereto.

9. During the course of this adversary proceeding the Plaintiff may learn (through discovery or otherwise) of additional transfers made by the Debtor to the Defendant during the Preference Period, and may likewise learn of additional Collectibles of the Debtor held, or owed, by the Defendant. The Plaintiff is seeking avoidance and/or recovery all such transfers and turnover of all Collectibles, whether such transfers and collectibles presently are reflected on Exhibit "A" or not. All transfers made by the Debtor of an interest of the Debtor in property to or for the benefit of Defendant during the Preference Period (whether or not such transfers presently are reflected on Exhibit "A" hereto) are collectively referred to herein as the "Transfers,"

while all Collectibles which are due the Debtor (whether or not presently reflected on Exhibit "A" hereto) are collectively referred to herein as the "Collectibles."

## FIRST CAUSE OF ACTION
### (Preference Claim Against Defendant)

10. The Plaintiff repeats and realleges paragraphs "1" through "9" hereof as if fully set forth herein.

11. The Transfers were made within 90 days prior to the Petition Date.

12. The Transfers were transfers of an interest of the Debtor in property.

13. The Transfers were made to or for the benefit of Defendant, a creditor of the Debtor.

14. The Transfers were made for or on account of antecedent debts owed to Defendant by the Debtor before such Transfers were made.

15. The Transfers were made while the Debtor was insolvent.

16. The Transfers enabled Defendant to receive more than Defendant would receive if: (i) the Chapter 11 Case was a case under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payment on account of the debt paid by the Transfers to the extent provided by the provisions of the Bankruptcy Code.

17. The Transfers constitute preferential transfers which should be avoided as preferences pursuant to Bankruptcy Code § 547 and are recoverable from Defendant pursuant to Bankruptcy Code § 550.

## SECOND CAUSE OF ACTION
### (Fraudulent Transfer Claim Against Defendant)

18. The Plaintiff pleads this Second Cause of Action in the alternative and restates and realleges the allegations of paragraphs "1" through "17" above as if fully set forth herein.

19. The Transfers constitute transfers of an interest of the Debtor in property.

20. The Debtor received less than reasonably equivalent value in exchange for the Transfers.

21. At the time the Transfers were made, granted, ratified, reaffirmed, and/or confirmed, the Debtor: (a) was insolvent; (b) was thereby rendered insolvent; (c) was engaged or about to engage in a business or transaction for which its remaining property after the transfer was unreasonably small capital; and/or (d) intended, believed, or reasonably should have believed that it would incur debts beyond its ability to pay as they matured.

22. The Transfers constitute avoidable fraudulent transfers pursuant to Bankruptcy Code § 548 and are recoverable from Defendant pursuant to Bankruptcy Code § 550.

## THIRD CAUSE OF ACTION
### (State Law Fraudulent Transfer Claim Against Defendant)

23. The Plaintiff pleads this Third Cause of Action in the alternative and restates and realleges the allegations of paragraphs "1" through "22" above as if fully set forth herein.

24. The Debtor received less than fair consideration and/or value in exchange for the Transfers.

25. At the time the Transfers were made, granted, ratified, reaffirmed, and/or confirmed, the Debtor: (a) was insolvent; (b) was thereby rendered insolvent; (c) was engaged or about to engage in a business or transaction for which its remaining property after the transfer was unreasonably small capital; and/or (d) intended, believed, or reasonably should have believed that it would incur debts beyond its ability to pay as they matured.

26. At the time the Transfers were made, granted, ratified, reaffirmed, and/or confirmed, the Debtor knew, should have known, or had reason to know, that the Debtor, at the time the Transfer was made, ratified, reaffirmed, and/or confirmed: (a) was insolvent; (b) was thereby rendered insolvent; (c) was engaged or was about to engage in a business or transaction for which its remaining property after the conveyance was an unreasonably small capital; and/or (d) intended, believed, or reasonably should have believed that it would incur debts beyond its ability to pay as they matured.

27. At the times of the transfers, there were actual creditors of the Debtor holding unsecured claims allowable within the meaning of Sections 502 and 544(b) of the Bankruptcy Code.

28. The Transfers (including but not limited to any interest, principal, or other payments made by, on account of, or based on the existence of the Transfers prior or subsequent to the Petition Date) should be avoided and recovered pursuant to Sections 544(b) and 550 of the Bankruptcy Code, and Sections 273, 274 and 275 of the New York State Debtors and Creditor Law.

## FOURTH CAUSE OF ACTION
### (Turnover Claim Against Defendant)

29. The Plaintiff restates and realleges the allegations of paragraphs "1" through "28" above as if fully set forth herein.

30. The Collectibles constitute assets of the Debtor and its estate or a debt owed to the Debtor's estate that is matured and that is not subject to setoff under section 553 of the Bankruptcy Code.

31. The Debtor is entitled to turnover of the Collectibles under section 542 of the Bankruptcy Code.

## FIFTH CAUSE OF ACTION
### (Disallowance of Defendant's Proof of Claim or Scheduled Claim)

32. The Plaintiff restates and realleges the allegations of paragraphs "1" through "31" above as if fully set forth herein.

33. The Defendant is an entity from which property is recoverable under section 550 of the Bankruptcy Code and is a transferee of transfers avoidable under sections 544, 547 and/or 548 of the Bankruptcy Code.

34. The Defendant has not paid the amount, or turned over such property, for which Defendant is liable under section 550 of the Bankruptcy Code.

35. To the extent that Defendant currently holds filed or scheduled claims against the Debtor, whether pre-petition or administrative (collectively, the "Claims"), the Claims should be disallowed until the Transfers are repaid in full to Plaintiff pursuant to section 502(d) of the Bankruptcy Code.

**WHEREFORE,** for the foregoing reasons, the Liquidating Trustee respectfully requests the following relief:

A. That the Transfers be avoided;

B. That judgment be entered in favor of the Plaintiff and against the Defendant, in an amount of at least $33,308.30 (plus an amount equal to all additional Transfers and Collectibles that Plaintiff discovers prior to entry of judgment), plus interest at the legal rate from the date of the Transfers, together with all costs of this action;

C. That any Claims of Defendant be disallowed until the Transfers are repaid to the Debtor pursuant to 11 U.S.C. § 502(d); and

D. That the Plaintiff be granted such other and further relief as is just and proper.

Dated: New York, NY
      April 23, 2010

                              NEIGER LLP

                              By:   Edward E. Neiger
                                    Edward E. Neiger, Esq.

Edward E. Neiger, Esq.
111 John Street, Suite 800
New York, NY 10038
(212) 267-7342
(212) 918-3427

*Counsel to Turnaround Advisors, L.L.C.,
as Liquidating Trustee for the
Eos Airlines, Inc. Liquidating Trust*

*EXHIBIT A*

| | | |
|---|---|---|
| *Transfer 1* | 2/1/2008 | $10,228.12 |
| *Transfer 2* | 3/3/2008 | $13,480.26 |
| *Deposit* | | $9,600 |
| *TOTAL* | | **33,308** |